**E-FILED**
Wednesday, 07 February, 2007  12:37:41 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
CHAMPAIGN/URBANA DIVISION

| | | |
|---|---|---|
| JAMES DANIEL MATHEIN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No.: _____ |
| | ) | |
| DAVOL INC., a Rhode Island corporation; | ) | |
| C. R. BARD, INC., a New Jersey corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Defendants Davol Inc. and C. R. Bard, Inc. ("Defendants"), by its undersigned counsel, hereby removes the above-captioned matter from the Circuit Court of the Sixth Judicial Circuit, Champaign County, Illinois, to the United States District Court for the Central District of Illinois, Champaign/Urbana Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  In support of removal, Defendants respectfully state:

1.      Plaintiff filed this action in the Circuit Court of the Sixth Judicial Circuit, Champaign County, Illinois, on or about December 28, 2006.  Defendants were served on January 8, 2007.

2.      As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendants have satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1441(a).

I.      Defendants Have Satisfied the Procedural Requirements for Removal.

3.      Removal is timely.  Defendants were served with a copy of the Complaint on January 8, 2007.  See Att. A (copy of all process, pleadings, and orders served upon, including

1

the summons and complaint).  This Notice of Removal is being filed within 30 days of the first date on which Defendants received a copy of the Complaint through service, and so is timely pursuant to 28 U.S.C. § 1446(b).

4.      No further proceedings have been had in the state court action.

5.      No previous application has been made for the relief requested herein.

6.      A copy of the written notice required by 28 U.S.C. § 1446(d) is attached as Att. B and is being filed in the Circuit Court of the Sixth Judicial Circuit, Champaign County, Illinois and served on Plaintiff.

II.      Removal is Proper in This Case

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000 exclusive of costs and interest.

A.      Complete diversity exists between Plaintiff and Defendants.

8.      Plaintiff is a citizen of Illinois.  See Att. C.

9.      Davol and Bard are, and have been at all relevant times, corporations incorporated under the law of the States of Rhode Island and New Jersey respectively with their principal places of business in those respective states as well.  For purposes of determining jurisdiction pursuant to 28 U.S.C § 1332(c)(1), therefore, Davol and Bard are not citizens of the state of Illinois.

B.      The amount in controversy requirement is satisfied.

10.      Plaintiff, in this medical device product liability action, alleges that defendants are strictly liable for injuries sustained by Plaintiff as a result of a product defect.  Specifically, Plaintiff alleges that he suffers permanent pain and disability due to a failure of Defendants'

2

product.  This claim for permanent damages is coupled with a claim for past and future medical expenses, including at least two surgeries.   Claims of this nature satisfy the amount in controversy requirement for removal jurisdiction.  See, e.g., Andrews v. E.I. duPont de Neumors, 447 F.3d 510, 515 (7th Cir. 2006) (seeking damages for pain and suffering, past and future medical expenses, and for disabilities suffered meet § 1332's threshold requirements); see also McCoy v. General Motors Corp., 226 F. Supp. 2d 939, 941-42 (N.D.Ill. 2003) ("common sense" reading complaint alleging permanent injuries and medical bills in product liability case support amount in controversy finding).

WHEREFORE, Defendants respectfully remove this action from the Circuit Court of the Sixth Judicial Circuit, Champaign County, Illinois to this Court pursuant to 28 U.S.C. § 1441.

Date:  February 7, 2007                         Respectfully submitted,


                                        /s/ P. Mark Crane
                                        P. Mark Crane
                                        Segal McCambridge Singer & Mahoney, Ltd.
                                        330 N. Wabash Ave.
                                        Chicago, IL  60611
                                        (312) 645-7800
                                        (312) 645-7711 (fax)


                                        Of Counsel:

                                        Kirby T. Griffis
                                        Dana Alan Gausepohl
                                        Spriggs & Hollingsworth
                                        1350 I Street N.W.
                                        Washington, DC 20005
                                        (202) 898-5800
                                        (202) 682-1639 (fax)


                                        Attorneys for defendants
                                        C.R. BARD, INC. and DAVOL INC.

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

James Daniel Mathein,

## DEFENDANTS

Davol, Inc. a Rhode Island corporation; C.R. Bard, Inc. a New Jersey corporation

**(b)** County of Residence of First Listed Plaintiff    Illinois
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    New Jersey
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

SEE ATTACHMENT

Attorneys (If Known)

SEE ATTACHMENT

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | ☐ 840 Trademark | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | | | |

TORTS — PERSONAL INJURY (second column):
- ☐ 362 Personal Injury - Med. Malpractice
- ☒ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

## V. ORIGIN   (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C., Sections 1332, 1441 and 1446

Brief description of cause:
Medical device and product liability

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE
02/07/2007

SIGNATURE OF ATTORNEY OF RECORD

P. Mark Crane

Digitally signed by P. Mark Crane
DN: cn=P. Mark Crane, c=US, o=Segal McCambridge Singer & Mahoney, email=mcrane@smsm.com
Date: 2007.02.06 13.27.04 -06'00'

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## ATTACHMENT A TO CIVIL COVER SHEET
### *James Mathein v. Davol, Inc. and C.R. Bard, Inc.*

**_Attorneys for Plaintiff_**
Joseph W. Phebus, Esq.
Phebus & Koester
136 West Main Street
Urbana, Illinois 61801

and

Douglas Phebus, Esq.
Lawton & Cates
10 East Doty
Madison, Wisconsin 53703

**_Attorneys for Defendants_**
P. Mark Crane
Segal McCambridge Singer & Mahoney, Ltd.
330 N. Wabash Ave.
Chicago, IL  60611
(312) 645-7805 (direct)
(312) 645-7711 (fax)

Of Counsel:

Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

served by UCSO
E-FILED
Wednesday, 07 February, 2007 12:38:09 PM
Clerk, U.S. District Court, ILCD

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

JAMES DANIEL MATHEIN, )
)
Plaintiff, )
)
vs. )
)
C.R. BARD, INC., a corporation, and )
DAVOL, INC., a corporation, )
)
Defendants. )

RECEIVED
JAN 1 2 2007
C.R. BARD LAW DEPARTMENT

Cause No. 06- L- 282

**DULY SERVED**
DATE 1/2/07
RALPH FROEHLICH, Sheriff
UNION CO.            JERSEY
BY 5/0 ___
Sheriff Officer

## SUMMONS

To: C.R. Bard, Inc., c/o Registered Agent Judith Reinsdorf at 730 Central Avenue, Murray Hill, New Jersey 07974

YOU ARE SUMMONED and required to file a written answer or other pleading in the office of the Clerk of this Court at the Champaign County Courthouse, 101 East Main Street, Urbana, Illinois, within 30 days after service of this summons, not counting the day of service. **IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

To the Officer:

This summons must be returned by the officer or other persons to whom it was given for service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS December 28, 2006

_____
CLERK OF THE COURT

(SEAL OF COURT)

PREPARED BY:
J. W. PHEBUS
PHEBUS& KOESTER
P. O. Box 1008
Urbana, Illinois 61801
(217) 337-1400

DATE OF SERVICE : _____
(To be inserted by officer on copy left with defendant or other person)


EXHIBIT A

IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
CHAMPAIGN COUNTY, ILLINOIS

**FILED**
SIXTH JUDICIAL CIRCUIT

DEC 28 2006

*Linda S. F_____*
CLERK OF THE CIRCUIT COURT
CHAMPAIGN COUNTY, ILLINOIS

|  |  |  |
|---|---|---|
| JAMES DANIEL MATHEIN, | ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Cause No. 06-*L·282* |
| C.R. BARD, INC., a corporation, and DAVOL, INC., a corporation, | ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

### Count 1
### Products liability

COMES NOW Plaintiff James Daniel Mathein by his attorneys, Phebus & Koester, and complaining of Defendants C.R. Bard, Inc., a corporation, and Davol, Inc., a corporation, avers:

1.    Defendants are manufacturers of medical devices and manufactures, among other things, surgical mesh which was distributed in various states, including the State of Illinois.

2.    On August 24, 2004, in the State of Illinois surgical mesh manufactured by the defendants (Davol, Inc., is a subsidiary of C.R. Bard, Inc.) was implanted into the plaintiff.

3.    The implantation of the surgical mesh into the plaintiff was an intended or reasonably foreseeable use of the surgical mesh.

4.    The surgical mesh was unreasonably dangerous for said intended or reasonably foreseeable use for one or more of the following reasons or a combination thereof:

1

a.    It failed to meet the consumer expectation test in that the consumer would not contemplate that the surgical mesh was designed or manufactured in such a way that it would delaminate, fray or disintegrate;

b.    It failed to meet the risk benefit test in that:

(i)  It was designed in such a way that it could delaminate, fray or disintegrate;

(ii) It was manufactured in such a way that it could delaminate fray or disintegrate.

5.    As a direct and proximate result of one or more of the foregoing dangerous conditions, the surgical mesh that had been implanted into plaintiff delaminated, frayed or disintegrated as a result of which plaintiff suffered swelling and pain in his abdomen and underwent exploratory surgery on Dec 29, 2004, wherein it was discovered that the surgical mesh had failed and that a piece of stiff plastic line approximately 24 inches in length was loose within his abdomen.

6.    In addition to his damages set forth in the foregoing paragraph, plaintiff incurred medical bills as a result of the product failure and in the future may incur future medical bills and has and may permanently in the future suffer pain and disability as a result of failure of the product.

7.    Plaintiff did not know or in the exercise of ordinary care have reason to know that the surgical mesh was defective and causing injuries to him until December 29, 2004, and accordingly this suit is timely filed.

WHEREFORE, plaintiff prays judgment against the defendants in such sum in excess of Fifty Thousand Dollars ($50,000) as will reasonably and fairly compensate him and demands a trial by jury.

2

JAMES DANIEL MATHEIN, Plaintiff,
by his Attorneys, PHEBUS &
KOESTER

By: _____
        J.W. PHEBUS

## JURY DEMAND

COMES NOW Plaintiff James Daniel Mathein by his attorneys, Phebus &

Koester, and hereby demands a trial by jury on the issues in this cause.

JAMES DANIEL MATHEIN, Plaintiff,
by his Attorneys, PHEBUS &
KOESTER

By: _____
        J.W. PHEBUS

## AFFIDAVIT AS TO DAMAGES

JOSEPH W. PHEBUS, being first duly sworn on oath, deposes and states:

1.     That I am one of the attorneys for the plaintiff in this cause.

2.     That the total amount of damages sought by the plaintiff exceeds

Fifty Thousand Dollars ($50,000.00).

_____
JOSEPH W. PHEBUS

COUNTY OF CHAMPAIGN          )
                             )
STATE OF ILLINOIS            )

SUBSCRIBED and SWORN to before me,

3

the undersigned Notary Public, this
21st day of December, 2006.



_____
Notary Public

JOSEPH W. PHEBUS
PHEBUS & KOESTER
136 West Main Street
Urbana, Illinois 61801
(217) 337-1400

DOUGLAS PHEBUS
LAWTON & CATES
10 East Doty
Madison, Wisconsin 53703
(608) 282-6200

*f:\docs\joe\mathein\complaint.doc*

4

**E-FILED**
Wednesday, 07 February, 2007  12:38:28 PM
Clerk, U.S. District Court, ILCD

## IN THE CIRCUIT COURT OF THE SIXTH JUDICIAL CIRCUIT
## CHAMPAIGN COUNTY, ILLINOIS

JAMES DANIEL MATHEIN,    )
    )
               Plaintiff    )
    )
v.    )    Civil Action No.: 06-L-282
    )
DAVOL INC., a Rhode Island corporation;    )
C. R. BARD, INC., a New Jersey corporation,    )
    )
               Defendants.    )

**TO:**

Joseph W. Phebus, Esq.
Phebus & Koester
136 West Main Street
Urbana, Illinois 61801

and

Douglas Phebus, Esq.
Lawton & Cates
10 East Doty
Madison, Wisconsin 53703

### NOTICE OF FILING

PLEASE TAKE NOTICE that this action has been removed to the United States

District Court for the Central District of Illinois, Champaign/Urbana Division ("District

Court") by the filing of the attached Notice of Removal with the Clerk of the District

Court on February 7, 2007.  A copy of this notice is on file with the District Court.  The

Circuit Court of the Sixth Judicial Circuit, Champaign County, Illinois may proceed no

further unless or until this case is remanded.

1



Date:  February 7, 2007

Respectfully submitted,

P. Mark Crane
Segal McCambridge Singer & Mahoney, Ltd.
330 N. Wabash Ave.
Chicago, IL  60611
(312) 645-7800
(312) 645-7711 (fax)

Of Counsel:

Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)


Attorneys for defendants
C.R. BARD, INC. and DAVOL INC.

2

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2007, a copy of the foregoing was served upon the following via first class mail:

Joseph W. Phebus, Esq.
Phebus & Koester
136 West Main Street
Urbana, Illinois 61801

and

Douglas Phebus, Esq.
Lawton & Cates
10 East Doty
Madison, Wisconsin 53703

P. Mark Crane

3

**E-FILED**
Wednesday, 07 February, 2007 12:39:10 PM
Clerk, U.S. District Court, ILCD

1 of 92 DOCUMENTS

**THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY**

PERSON LOCATOR - P-SRCH

**Name:** MATHEIN, JAMES D

**Also Known As:**
  MATHEIN, DANIEL

**Social Security Number:** 318-36-XXXX

**Address:**
  1772 ROGERS AVE
  GLENVIEW, IL 60025
  Address Created: 2/1989

**Previous Addresses:**
  BOX 1772 PO
  GLENVIEW, IL


  1772 ROGER
  GLENVIEW, IL

**Birthdate:** 2/1943

