IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
CHAMPAIGN/URBANA DIVISION

| | |
|---|---|
| JAMES DANIEL MATHEIN, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) Civil Action No.: 2:07-CV-2031-MPM-DGB <br> ) <br> DAVOL INC., a Rhode Island corporation; ) <br> C.R. BARD, INC., a New Jersey corporation ) <br> ) <br> Defendants. ) | |

## JOINT RULE 26(f) REPORT

**Current Trial Date:**      TBD

**Pretrial Conference Date:**   TBD

**Type of Trial:**           Jury

**Plaintiff's Estimated Length of Trial is 5 court days.**

**Defendants' Estimated Length of Trial is 7 court days.**

**Participants:**

    a.  **Attorneys for Plaintiff James Mathien**

    Douglas Phebus                    Joseph W. Phebus
    Lawton & Cates                    Phebus & Koester
    10 East Doty                       136 W Main St.
    Madison, WI  53703            Urbana, IL 61801
    608-282-6200                     217-337-1400

    b.  **Attorneys for Defendant C.R. Bard, Inc. and Davol Inc.**

    Mark Crane
    Segal McCambridge Singer & Mahoney LTD
    One IBM Plaza
    Suite 200
    330 N Wabash Ave
    Chicago, IL 60611
    312-645-7800

Joe G. Hollingsworth
Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street, N.W., Ninth Floor
Washington, DC 20005
202-898-5800

**Nature of the Case:**

This is a products liability case in which the plaintiff alleges that on August 24, 2004 he underwent a surgery utilizing a Composix® Kugel® Hernia Patch, which is a prescription surgical mesh prosthetic. Plaintiff further contends that he suffered injuries including swelling and pain in his abdomen after this surgery necessitating further surgery on December 29, 2004. Plaintiff alleges that defendants are strictly liable for his alleged injuries.

There are approximately eight known similar cases presently pending. The plaintiffs in one of those cases have recently filed a petition with the Panel on Multi-District Litigation (MDL-1842-*In re Kugel Mesh Hernia Patch Product Liability Litigation*) requesting coordinated or consolidated pretrial proceedings. Response is due March 20, 2007. In that said motion in all likelihood will not be decided for approximately 90 days, the parties propose that during that interval discovery proceed in this court.

Defendants contest causation and it is expected that, following expert discovery, defendants will file a *Daubert* motion and other dispositive motions.

**Affirmation Regarding Initial Disclosures:**

Parties to make Rule 26(a)(1) initial disclosures within 30 days after the Rule 26(f) conference.

**Subjects on Which Discovery May be Needed:**

1. Identification of the surgical mesh;
2. Defendants' records concerning the design, manufacture, testing and marketing of the Composix® Kugel® Hernia Patch;
3. Defendants' records concerning other claimed injuries resulting from said patch;
4. Defendants' records concerning obtaining FDA approval to sell the patch;
5. Defendants' records concerning the decision to recall the patch;
6. Plaintiff's medical records concerning the insertion and removal of the patch;
7. Plaintiff's medical records as to his claimed injuries;
8. Whether the patch was unreasonably dangerous;
9. Whether the patch caused injuries to the plaintiff and, if so, the nature and extent thereof.

10. Defendants contend that at the outset, an initial determination must be made as to whether or not plaintiff James Mathein received a Composix® Kugel® Hernia Patch, whether such patch was subject to defendants' voluntary recall and, if so, whether there is objective medical evidence of a ring break. This determination will dictate the extent of discovery and may affect the potential for early resolution of this case.

Defendants contend that the following discovery is needed:

A. General Causation

Whether the Composix® Kugel® Hernia Patch manufactured by defendants and allegedly implanted into plaintiff James Mathein prior to his development of abdominal swelling and pain, can cause the type of injuries James Mathein allegedly sustained.

B. Specific Causation

Whether the Composix® Kugel® Hernia Patch manufactured by defendants and allegedly implanted into plaintiff James Mathein prior to his development of abdominal swelling and pain, was in fact the cause of James Mathein's claimed injuries.

C. Alternative Causes of Plaintiff James Mathein's Abdominal Swelling and Pain

Whether and to what extent James Mathein's abdominal swelling and pain were caused by factors other than the implantation of a Composix® Kugel® Hernia Patch including, but not limited to, idiosyncratic reaction by plaintiff to polypropylene mesh.

D. Damages

Whether and to what extent James Mathein sustained compensable injury as a result of the implantation of a Composix® Kugel® Hernia Patch.

**Electronic Discovery:**

Bard will produce any documents retrieved from electronic media in TIFF format with accompanying files containing full-text information extracted from the native format. Where redaction is required in the document being produced, a full-text OCR file generated from the redacted image will be provided in lieu of extracted text.

**Proposed Schedule:**

The parties have conferred in a timely fashion regarding the schedule in this case and the following schedule is proposed:

| | |
|---|---|
| October 19, 2007: | Plaintiff's disclosure of expert witnesses |
| December 3, 2007: | Defendant's disclosure of expert witnesses |
| February 1, 2008: | Close of discovery |
| March 17, 2008: | Dispositive motions due |
| May 26, 2008: | Dispositive motions hearing |
| July 2008: | Trial |

**Protective Orders:**

The defendants claim that a Protective Order will be needed to safeguard proprietary information and trade secrets disclosed during discovery in this case; a proposed Order will be provided to the plaintiff for his review. If said order is not agreed to by March 19, 2007, the defendants will submit a motion for protective order.

**Anticipated Amendments to Pleadings:**

Unknown at this time.

/s/ Kirby T. Griffis
Kirby T. Griffis, DC 453091
Dana Alan Gausepohl, DC 481170
Spriggs & Hollingsworth
1350 I Street, N.W., Ninth Floor
Washington, DC 20005
202-898-5800
202-682-1639 (fax)

Mark Crane
Segal McCambridge Singer & Mahoney LTD
One IBM Plaza
Suite 200
330 N Wabash Ave
Chicago, IL 60611
312-645-7800

*Counsel for Defendants*

4

**CERTIFICATE OF SERVICE**

    I hereby certify that on March 7, 2007, a copy of the foregoing C.R. Bard, Inc.'s and Davol Inc.'s Rule 26(f) Report was electronically filed with the Court. This document is available for viewing and downloading from the Court's ECF system. Service of same has been made upon the following in the manner listed below:

| | |
|---|---|
| Douglas Phebus, Esq.<br>Lawton & Cates<br>10 East Doty<br>Madison, WI  53703<br>608-282-6200 | Joseph W. Phebus, Esq.<br>Phebus & Koester<br>136 W Main St.<br>Urbana, IL 61801<br>217-337-1400 |
| *via electronic notice* | *via electronic notice* |

    /s/ Kirby T. Griffis
    Kirby T. Griffis