E-FILED
Friday, 30 March, 2007 12:52:06 PM
Clerk, U.S. District Court, ILCD

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: KUGEL MESH HERNIA PATCH LITIGATION     MDL Docket No. 1842

07-2031

**OMNIBUS REPLY MEMORANDUM IN SUPPORT OF TRANSFER, COORDINATION AND CONSOLIDATION PURSUANT TO 28 U.S.C. § 1407**

FILED
MAR 3 0 2007
U.S. CLERK'S OFFICE
URBANA, IL

Pursuant to 28 U.S.C. § 1407, Plaintiffs Sonia Montiel and Carol Nunes-McNamara on behalf of themselves and all others similarly situated, (hereinafter "Movants" or "Montiel Plaintiffs"), respectfully submit this Omnibus Reply Memorandum of Law in Support of Transfer, Coordination, and Consolidation Pursuant to 28 U.S.C. § 1407.[1]

Plaintiffs' Motion For Transfer, Coordination, and Consolidation to the District of Rhode Island should be granted because the requirements of 28 U.S.C. § 1407 have been met: (1) there are currently fifteen personal injury and medical monitoring actions pending in various Federal Courts against Defendants Davol Inc. and C.R. Bard Inc., under comparable theories of product liability; (2) all pending actions involve common questions of fact pertaining to Defendants' implantable Kugel mesh hernia repair patches; and (3) consolidation of the recalled Kugel mesh cases will promote the just and efficient conduct of the actions.

The U.S. District Court for the District of Rhode Island is the superior district in which to centralize pretrial proceedings because: (1) Davol, Inc., is headquartered there; (2) the majority of the evidence is located there; (3) many of the witnesses reside in the area; (4) the defective devices were manufactured there for a period of time; (5) and multiple cases relating to the defective patches have been filed in the Superior Court of Rhode Island in Providence, and therefore, there is a locus of

---

[1] Movants' Motion For Transfer, Coordination, and Consolidation Of Related Actions To The District of Rhode Island Pursuant To 28 U.S.C. § 1407 was filed with the Judicial Panel on Multidistrict Litigation (hereinafter "JPML") on February 23, 2007.

related activity in the district. In addition, the District of Rhode Island is easily accessible by all means of transportation, including being near two major airports and an express rail system. As set forth more fully in Movants' Memorandum in support of their Motion, transfer and coordination of pre-trial proceedings is appropriate and the District of Rhode Island is the most appropriate district for the courts, the parties, and the witnesses.

I.      COORDINATION IS WARRANTED IN THIS CASE

Defendants' initial premise - that MDL coordination here is unwarranted - and its arguments in support of that premise are wrong. The fact is, this case, with fifteen actions already pending in Federal Courts, is precisely the kind which merits MDL treatment. *See, e.g., In re Zyprexa Prods. Liab. Litig.,* 314 F. Supp. 2d 1380 (J.P.M.L. 2004) (motion for MDL granted where there were *six actions* pending pertaining to the safety of a prescription drug used in the treatment of schizophrenia); *In re Accutane Prods. Liab. Litig.,* 343 F. Supp. 2d 1382 (J.P.M.L. 2004) (motion for MDL granted where there were *seven actions* pending pertaining to health risks associated with a prescription acne medication); *In re Inter-Op Hip Prosthesis Prods. Liab. Litig.,* 149 F. Supp. 2d 931 (J.P.M.L. 2001) (motion for MDL granted where there were thirty actions pending pertaining to defective hip replacements). Like these cases involving drugs and medical devices, plaintiffs here have suffered injuries in common and, notwithstanding Defendants' protestations to the contrary, the claims emanate from the defective Kugel mesh patch manufactured and sold by the Defendants – one common cause – which was implanted for a common reason – during a common medical procedure.

These cases arise out of massive recalls, with over 100,000 devices now involved. And despite Defendants' claim that all of the cases "followed sharply on the heels of the recalls," Defs'

Mem. at 3, these cases have been filed on a rolling basis with several being filed as recently as this month.[2]

Without a doubt, consolidation of the actions before a single court will conserve judicial resources, reduce the costs of litigation, prevent potentially inconsistent pretrial rulings, eliminate what would otherwise be duplicative discovery, and permit the cases to proceed to trial more efficiently. *See generally* Manual for Complex Litigation, Fourth § 20.13 (Fed. Jud. Ctr. 2005) (stating centralization is in the primary goal in the management of complex and mass tort cases).

Yet, defendants claim that consolidation of pre-trial proceedings in one court would not result in greater efficiency. Defs' Mem. at 6. Defendants would assert that conducting discovery simultaneously in dozens of courts across the country is just as efficient as transfer and consolidation of these related actions in one court. The basis for such a claim escapes reason, especially here where the litigants will grapple with similar documents, witnesses and science. Upon information and belief, when the FDA chose to investigate the issues giving rise to this litigation, it went to one location ----- Rhode Island --- where it interviewed key witnesses and conducted a field investigation. Not transferring these related actions needlessly burdens – at the very least – fifteen separate Federal Courts with litigation that could easily and efficiently be conducted in one.

Defendants also claim that individual issues regarding the patches, procedures and patients prevent transfer and consolidation of these actions. A little over a year ago, the JPML refused to accept strikingly similar arguments made by the defendant in *In re: Medtronics, Inc., Implantable Defibrillators Prods. Liab. Litig.*, 408 F. Supp. 2d 1351 (J.P.M.L. 2005). In response to the defendant's arguments that individualized issues relating to their implantable medical devices prevented transfer and coordination of related actions, the Panel held:

---

[2] For example, *Katechis v. Davol, Inc.*, No. 1:07-cv-2098 (S.D.N.Y) was filed on March 12, 2007 and *Hall v. Davol, Inc.*, No. 3:07-cv-480 (N.D.Ala.) was filed on March 14, 2007.

3

> Medtronic argues that centralization is inappropriate because the actions are factually dissimilar and dispositive motions are already pending in many actions. We disagree. Transfer of all related actions to a single judge has the salutary effect of fostering a pretrial program that: i) allows pretrial proceedings with respect to any non-common issues to proceed concurrently with pretrial proceedings on common issues; and ii) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. The transferee judge, of course, may establish separate tracks for discovery and motion practice in any constituent [action] or actions, whenever he determines that such an approach is appropriate.

*Id.* at 1352. Likewise, if any non-common issues arise in this litigation, the transferee judge may establish separate tracks for discovery and motion practice. Moreover, it turns out that this Panel was *absolutely correct* in rejecting Medtronic's arguments against coordinated proceedings --- in the District of Minnesota, the Honorable James M. Rosenbaum has already ruled on a motion for summary judgment and established trial dates for bellwether trials, *In re Medtronic, Inc., Implantable Defibrillators Litig.*, 465 F. Supp. 2d 886 (D. Minn. 2006), which will begin in January of next year. Similar activity has occurred in the *In re Guidant, Corp., Implantable Defibrillators Litigation*, which involves several different heart devices with different recall dates, with bellwether trials beginning in just a few short months. *In re Guidant, Corp., Implantable Defibrillators Litig.*, No. 0:05-md-01708-DWF-AJB.

Simply put, even if there are different patches or different injuries, it is simply more efficient for these issues to be dealt with concurrently, by one court without burdening the Federal System with hop-skotch litigation around the country.

## II.   THE DISTRICT OF RHODE ISLAND IS THE BEST FORUM

As stated above, the District of Rhode Island should be chosen as the site for the Kugel Mesh MDL because: (1) Davol is headquartered there; (2) the majority of the evidence is located there; (3) many of the witnesses reside in the area; (4) the defective devices were manufactured there for a period of time; and (5) multiple cases relating to the defective patches have been filed in the Superior

Court of Rhode Island in Providence, and therefore, there is a locus of related activity in the district. These Rhode Island State Court actions, and all subsequently filed actions, have been recently consolidated for pre-trial proceedings in front of the Honorable Alice B. Gibney. Because of the significant state court activity, it is undeniable that a considerable amount of discovery will be conducted within the District of Rhode Island, regardless of the outcome of this Motion. It only makes sense to further the efficiency of the litigation by transferring all Kugel Mesh related cases to that area.

Furthermore, with two major international airports nearby: TF Green Airport in Warwick, Rhode Island and Boston's Logan Airport, the District of Rhode Island is simply the most convenient district for the majority of parties and witnesses. Defendants' counsel object to the District of Rhode Island as inconvenient; however, countless flights fly between Washington D.C. and Providence daily – with a flight time of only an hour and twenty minutes. In addition, if Defendants' counsel, who are located in Washington, D.C., wish to travel by train, they can do so via the Amtrak Acela Express, which has express service to Providence. In contrast, to get to the other two locations Defendants suggest (St. Louis and Little Rock) by train, it would take 23 and 30 hours respectively.

### III.   THE OTHER PROPOSED FORUMS ARE NOT APPROPRIATE FOR THE KUGEL MESH LITIGATION

Defendants assert that the Eastern District of Missouri or, in the alternative, the Eastern District of Arkansas are more appropriate locations for consolidation. Additionally, Plaintiff in *Hall v. Davol, Inc.,* No. 3:07-cv-480 (N.D.Ala.), requests that the cases be transferred and consolidated in the Northern District of Alabama. As explained in greater detail below, none of these districts are as convenient or appropriate for this litigation as the District of Rhode Island.

5

A.  Eastern District of Missouri

There is no compelling reason to transfer these cases to the Eastern District of Missouri. Tellingly, even Plaintiff's counsel in the case filed there, *Edgar v. Davol, Inc.*, No. 4:06cv1471 (E.D.Mo.), has made no such request. In fact, Plaintiff's counsel in that case filed a response to the motion to transfer – specifically stating that they have no objection to a transfer to the District of Rhode Island.

Defendants claim that this district is appropriate because it is closer to the geographic center of all the cases filed. That center, of course, may change as other cases are filed. And, when you take the actions pending in Rhode Island State Court into account, the center of the related litigation shifts toward Rhode Island. Morever, the witnesses, documents, and other evidence that will be pertinent to all of the cases are nowhere near the Eastern District of Missouri.

Defendants also argue that this district is appropriate because "the *Edgar* case is among the most advanced of the cases." Def's Mem. at 16. However, Defendants themselves admit that they have not yet even produced any documents in that case. *Id.* None of these related actions are even close to being so far along that transfer under 28 U.S.C. § 1407 would be improper, and these arguments should be disregarded. Also, to the extent activity in a case will be considered, the Panel should know that plaintiffs in the Superior Court of Providence have served discovery requests, which are soon due, and are answering discovery served by the defendants. Deposition activity will be occurring shortly in the Superior Court and, if transfer to the District of Rhode Island occurs, Movants intend to seek as much coordination as possible between the state and Federal Courts there, which already have a history of coordinating in complex litigation. *See e.g. Durden v. Blue Cross*, No. 1:96-cv-00275-S (D.R.I.) (coordinated state and federal proceedings relating to complex class action lawsuits, arising from deceptive health insurer practices), *see also*

6

www.projo.com/news/content/projo_20040518_blue18.bf8f0.html (noting that Rhode Island state and federal judges were considering the first joint state and federal trial in the history of this country.)

Also, Defendants admit that Judge Limbaugh of the Eastern District of Missouri is already presiding over another MDL proceeding. Defs' Mem. at 16. *see also, In re Express Scripts, Inc., Pharmacy Benefits Mgmt. Litig.*, MDL-1672 (hereinafter "PBM MDL"). Defendants mistakenly assert that the PBM MDL litigation appears to be "winding down." Defs' Mem. at 16. They are far off the mark with this assertion, as several cases (or classes) have yet to go forward. For example, a stipulation to extend class certification briefing was recently granted, for the fourth time, and the plaintiffs have yet to even identify or define the class they seek to certify in the non-ERISA cases. Moreover, the PBM MDL is not a "small MDL" as Defendants suggest. *Id.* It is large-scale litigation that does not appear to be ending anytime soon. Besides, there is no compelling reason to place an additional burden on Judge Limbaugh's already heavy caseload. Movants also suggest it is less than ideal to add another MDL proceeding to the Eastern District of Missouri, which currently has a total of four different MDL proceedings.[3]

B.   Eastern District of Arkansas

Defendants devote nearly six lines of their response brief explaining why the Eastern District of Arkansas is the appropriate transferee district. The Eastern District of Arkansas currently has the *Prempro* MDL litigation, *In re Prempro Prods. Liab. Litig.*, No. 4:03-cv-01507-WRW (E.D.Ark.), and over 3,600 MDL cases have been transferred their since 1968 – with over 1,100 transferred there in the last year and a half. The only connection with the litigation that this district has is the fact that one case was filed there, *Carter v. Davol Inc.*, No. 4:06cv1012 (E.D.Ark.). Plaintiff's counsel in

---

[3] *In re Air Crash Near Kirksville, Missouri, on October 19, 2004*, MDL-1702; *In re Express Scripts, Inc., Pharmacy Benefits Mgmt. Litig.*, MDL-1672; *In re LLRice 601 Contamination Litig.*, MDL-1811; and *In re Celexa and Lexapro Prods. Liab. Litig.*, MDL-1736.

*Carter* has not requested that the cases be transferred to the Eastern District of Arkansas, and has not opposed transfer to Rhode Island. Other than the plaintiff in *Carter*, every party involved would be greatly inconvenienced by a transfer to this district. Moreover, this district is also not nearly as convenient as Rhode Island.

### C. Northern District of Alabama

Of the fifteen cases currently being considered for transfer, only one plaintiff has proposed a transferee district other than the District of Rhode Island. In *Hall v. Davol, Inc.*, No. 3:07-cv-480 (N.D.Ala.), plaintiff's counsel requests that the Panel transfer the MDL to the Northern District of Alabama. In a few short sentences, the *Hall* plaintiffs merely state that the Northern District of Alabama is more convenient than the District of Rhode Island, without explaining what makes it a more convenient or appropriate transferee district. Like the other two proposed transferee districts, there are simply no compelling arguments as to why this district should be chosen over any other. Just one case has been filed in the Northern District of Alabama, and only the evidence relevant to that plaintiff is located there. Furthermore, compared to the major transportation hubs in and around the District of Rhode Island, the Northern District of Alabama is remote and less accessible.

## IV. THE DISTRICT OF RHODE ISLAND IS CAPABLE OF MANAGING THIS MDL

In support of their alternative choices for coordinated proceedings, Defendants claim that the District of Rhode Island "lacks institutional experience in managing multidistrict proceedings." Defs' Mem. at 18. That shot is made without substance and belied by the fact that the District Court is afforded the same tools as most other Federal Courts, including electronic court filing and a dedicated clerk's office that efficiently manages a caseload. An example of this efficiency is found in the fact that, on average, it takes only 19.0 months for a civil case to move from filing to trial. In

the Eastern District of Missouri, Eastern District of Arkansas, and Northern District of Alabama, that same process takes an average of 21.5 months, 21.7 months and 28.5 months, respectively.

Finally, Judge Mary M. Lisi, as Chief Judge of the District of Rhode Island, is an experienced and capable jurist who has presided over thousands of cases and has published hundreds of written opinions. Her ability to handle this litigation is well known.

## V.   CONCLUSION

Movants respectfully request that the Panel order that the related actions identified on the Movants' Schedule of Actions and pending in Federal Courts outside of the District of Rhode Island (as well as any cases that may be subsequently filed asserting related or similar claims) be transferred to the District of Rhode Island and consolidated for pretrial proceedings.

Dated: March 28, 2007

Donald A. Migliori (#4936)
MOTLEY RICE LLC
321 South Main Street
P.O. Box 6067
Providence, RI 02940-6067
401-457-7700
401-457-7708 FAX

Edward A. Wallace
Mark R. Miller
WEXLER TORISEVA WALLACE LLP
One North LaSalle Street, Suite 2000
Chicago, IL 60602
312-346-2222
312-346-0022 FAX

Teresa C. Toriseva
Kathy A. Brown
WEXLER TORISEVA WALLACE LLP
1446 National Road
Wheeling, WV 26003
304-238-0066
304-238-0149 FAX

Fred Thompson, III
Rhett D. Klok
Fred Thompson
Henry Leventis
Carmen Scott
MOTLEY RICE LLC
28 Bridgeside Blvd.
P.O. Box 1792
Mt. Pleasant, SC 29465
843-216-9000
843-216-9450 FAX

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

IN RE: KUGEL MESH HERNIA PATCH LITIGATION

MDL Docket No. 1842

## PROOF OF SERVICE

I hereby certify that a copy of the foregoing Omnibus Reply Memorandum in Support of Transfer, Coordination and Consolidation Pursuant to 28 U.S.C. § 1407 and this Certificate of Service were served by First Class Mail on March 28, 2007, to the following:

Clerk, Eastern District of Arkansas, C.A. No. 04:06-01012
Little Rock, AR

Clerk, Western District of Arkansas, C.A. No. 05:06-05154
Fayetteville, AR

Clerk, Eastern District of Louisiana, C.A. 2:06-05837
New Orleans, LA

Clerk, District of New Jersey, C.A. No. 2:06-04786
Newark, NJ

Clerk, Eastern District of Missouri, C.A. No. 4:06-01471
St. Louis, MO

Clerk, Northern District of Florida, C.A. No. 3:06-00541
Pensacola, FL

Clerk, Eastern District of California, C.A. No. 2:07-00032
Sacramento, CA

Clerk, Central District of Illinois, C.A. No. 2:07-02031
Urbana, IL

Clerk, District of Rhode Island, C.A. No. 1:07-00064
Providence, RI

Clerk, Middle District of Tennessee, C.A. No. 3:07-00243
Nashville, TN

Clerk, Northern District of Alabama, C.A. No. 3:07-00480
Birmingham, AL

Clerk, Northern District of Ohio, C.A. No. 1:07-00765
Cleveland, OH

Clerk, Southern District of New York, C.A. No. 1:07-2098
New York, NY

Clerk, Eastern District of New York, C.A. No. 2:07-1054
Central Islip, NY

Callis L. Childs
Attorney at Law
243 U.S. Highway 64 East
Conway, AR 72032
    **Counsel for Plaintiffs: Carolene Jean Carter, et al.,**
        E.D. Arkansas, C.A. No. 04:06-01012

Cindy L. Hawkins
Attorney at Law
PO Box 805
105 Holcomb Street
Springdale, AR 72765-0809
    **Counsel for Plaintiffs: Mary Jane Campbell, et al.,**
        W.D. Arkansas, C.A. No. 05:06- 05154

Harris L. Pogust
Pogust & Braslow, LLP
161 Washington Street, Suite 1520
Conshocken, PA 19428
    **Counsel for Plaintiffs: Jenine Von Essen, et al.,**
        D. New Jersey, C.A. No. 2:06-04786

Maurice B. Graham
M. Graham Dobbs
Gray & Ritter, P.C.
701 Market Street, Suite 800
St. Louis, MO 63101-1826
    **Counsel for Plaintiffs: Timothy J. Edgar, et al.,**
        E.D. Missouri, C.A. No. 4:06-01471

Bradley Syfrett Odom
Kievit Odom & Barlow
635 W. Garden Street
Pensacola, FL 32502
    **Counsel for Plaintiffs: Jane R. Wilson, et al.,**
        N.D. Florida, C.A. No. 3:06-00541

Craig Philip Niedenthal
Cory Watson Crowder
2131 Magnolia Avenue, Suite 200
Birmingham, AL 35205
 **Counsel for Plaintiffs: Jane R. Wilson, et al.,**
  N.D. Florida, C.A. No. 3:06-00541

Jonathan Alan Saul
Thomas Minder and Associates
2151 River Plaza Drive, Suite 290
Sacramento, CA 95833
 **Counsel for Plaintiffs: Daniel Poston, Darline Poston, et al.,**
  E.D. California, C.A. No. 2:07-00032

Douglas Phebus
Lawton & Cates
10 East Doty
Madison, WI 53703
 **Counsel for Plaintiffs: James Daniel Mathein, et al.,**
  C.D. Illinois, C.A. No. 2:07-02031

Joseph W Phebus
Phebus & Koester
136 W Main Street
Urbana, IL 61801
 **Counsel for Plaintiffs: James Daniel Mathein, et al.,**
  C.D. Illinois, C.A. No. 2:07-02031

Donald A. Migliori
Motley Rice LLC
321 S. Main Street, 2nd Floor
PO Box 6067
Providence, RI 02940-6067
 **Counsel for Plaintiffs: Sonia Montiel, et al.,**
  D. Rhode Island, C.A. No. 1:07-00064

Fred Thompson, III
Rhett D. Klok
Fred Thompson
Hery Leventis
Carmen Scott
Motley Rice LLC
28 Bridgeside Boulevard
PO Box 1792
Mt. Pleasant, SC 29465
 **Counsel for Plaintiffs: Sonia Montiel, et al.,**
  D. Rhode Island, C.A. No. 1:07-00064

3

Edward A. Wallace
Mark R. Miller
Wexler Toriseva Wallace LLP
One N. LaSalle Street, Suite 2000
Chicago, IL 60602
    **Counsel for Plaintiffs: Sonia Montiel, et al.,**
        D. Rhode Island, C.A. No. 1:07-00064

Teresa C. Toriseva
Kathy A. Brown
Wexler Toriseva Wallace LLP
1446 National Road
Wheeling, WV 26003
    **Counsel for Plaintiffs: Sonia Montiel, et al.,**
        D. Rhode Island, C.A. No. 1:07-00064

David A. Hodges
Attorney at Law
Centre Place
212 Center Street, Fifth Floor
Little Rock, AR 72201-2429
    **Counsel for Plaintiffs: Carolene Jean Carter, et al.,**
        E.D. Arkansas, C.A. No. 04:06-01012

    **Counsel for Plaintiffs: Mary Jane Campbell, et al.,**
        W.D. Arkansas, C.A. No. 05:06-05154

Donald D. Zuccarello
Law Office of Donald D. Zuccarello
3209 West End Avenue
Nashville, TN 37203
    **Counsel for Plaintiff: George Andrew Luffman**
        M.D. Tennessee, C.A. No. 03:07-00243

Peter J. Brodhead
Nicholas A. Dicello
Spangenberg, Shibley & Liber
1900 East Ninth Street, Suite 2400
Cleveland, OH 44114
    **Counsel for Plaintiffs: Richard H. Sayler, et al.**
        N.D. Ohio, C.A. No. 1:07-00765

W. Lewis Garrison
Timothy C. Davis
William L. Bross
Heninger Garrison Davis, LLC
2224 1st Avenue North
Birmingham, AL 35203
    **Counsel for Plaintiffs: Lilyan Kathleen Hall, et al.**
       N.D. Alabama, C.A. No. 3:07-00480

Andrew J. Carboy
Sullivan Papain Block McGrath & Cannavo P.C.
120 Broadway, 18th Floor
New York, NY 10271

    **Counsel for Plaintiffs: Thomas D. Hyland, et al.**
       E.D. New York, C.A. No. 2:07-01054

    **Counsel for Plaintiffs: Sophia Katechis, et al.**
       S.D. New York, C.A. No. 1:07-2098

Dana Alan Gausepohl
Kirby T. Griffis
Spriggs & Hollingsworth
1350 I Street, NW, 9th Floor
Washington, DC 20005

    **Counsel for Defendants: Davol, Inc., C.R. Bard, Inc.,**
       E.D. Arkansas, C.A. No. 04:06-01012

    **Counsel for Defendants: Davol, Inc. C.R. Bard, Inc.,**
       W.D. Arkansas, C.A. No. 05:06-05154

    **Counsel for Defendant: Davol, Inc.,**
       E.D. Missouri, C.A. No. 4:06-01471

    **Counsel for Defendant: Davol, Inc.,**
       E.D. California, C.A. No. 2:07-00032

    **Counsel for Defendant: Davol, Inc.,**
       C.D. Illinois, C.A. No. 2:07-02031

    **Counsel for Defendant: C.R. Bard, Inc. and Davol, Inc.**
       M.D. Tennessee, C.A. No. 3:07-00243

Lyn Peeples Pruitt
Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C. – LR
425 W. Capitol Avenue, Suite 1800
Little Rock, AR  72201
    **Counsel for Defendants: Davol, Inc., C.R. Bard, Inc.,**
        E.D. Arkansas, C.A. No. 04:06-01012

    **Counsel for Defendants: Davol, Inc. C.R. Bard, Inc.,**
        W.D. Arkansas, C.A. No. 05:06-05154

William Douglas Martin
Kutak Rock LLP
214 W. Dickson
Fayetteville, AR  72701
    **Counsel for Defendants:  Surgical Sense, Inc., WCO Medical Products Corporation**
        W.D. Arkansas, C.A. No. 5:06-05154

Stanton E. Shuler, Jr.
Lauren Fajoni Bartlett
Leake & Andersson, LLP
Energy Centre
1100 Poydras Street, Suite 1700
New Orleans, LA  70163-1701
    **Counsel for Defendants: C.R. Bard, Inc., Bard Access Systems, Inc.,**
        E.D. Louisiana, C.A. 2:06-05837

David J. Cooner
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ  07101
    **Counsel for Defendants: C.R. Bard, Inc., Davol, Inc.,**
        D. New Jersey, C.A. No. 2:06-04786

Dennie M. Zankel
Baker and Sterchi, L.L.C.
1010 Market Street, Suite 950
St. Louis, MO  63101
    **Counsel for Defendant: Davol, Inc.,**
        E.D. Missouri, C.A. No. 4:06-01471

John M. Kvartek
Clark Partington Hart Larry Bond & Stackhouse
125 W. Romana Street, Suite 800
PO Box 13010
Pensacola, FL 32591-3010
    **Counsel for Defendants: Davol, Inc., C.R. Bard, Inc.,**
        N.D. Florida, C.A. No. 3:06-00541

Thomas M. Frieder
Hassard Bonnington LLP
Two Embarcadero Center, Suite 1800
San Francisco, CA 94111-3993
    **Counsel for Defendant: Davol, Inc.,**
        E.D. California, C.A. No. 2:07-00032

Melissa Loney Stevens
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
P.O. Box 1792
Knoxville, TN 37901-1792
    **Counsel for Defendant: C.R. Bard, Inc. and Davol, Inc.**
        M.D. Tennessee, C.A. No. 3:07-00243

Dated: March 28, 2007

Mark R. Miller
Wexler Toriseva Wallace LLP
One N. LaSalle Street, Suite 2000
Chicago, IL 60602
(312) 346-2222 – Telephone
(312) 346-0022 – Facsimile
mrm@wtwlaw.us

7