E-FILED
Friday, 01 June, 2007 01:47:10 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
CHAMPAIGN/URBANA DIVISION

| | |
|---|---|
| JAMES DANIEL MATHEIN, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> DAVOL INC., a Rhode Island corporation; ) <br> C.R. BARD, INC., a New Jersey corporation ) <br> ) <br> Defendants. ) | Civil Action No.: 2:07-CV-2031-MPM-DGB |

**DEFENDANTS' MOTION FOR A STAY AND
OPPOSITION TO PLAINTIFF'S
RULE 37(A)(2)(A) MOTION TO COMPEL DISCOVERY**

Following their refusal to agree to any protective order in this case, plaintiffs have moved for an order compelling the production of documents despite the fact that they are not currently entitled to any documents: no response is yet due to any document production request made by them, and no documents are otherwise due to be produced. The motion must accordingly be denied as premature.

Plaintiffs imposition of this issue upon the Court is particularly wasteful and untimely given that the Joint Panel on Multidistrict Litigation ("JPML") is currently considering a petition to have the 27 pending federal cases alleging injury due to a Composix® Kugel® Patch consolidated for management of discovery and pretrial matters pursuant to 28 U.S.C. § 1407. Should the Panel order this matter consolidated with others for discovery, the appropriate scope of protection to which the defendants' documents are entitled would be handled by the MDL judge, and this Court need not take up the matter. A possibly inconsistent ruling by this Court in

the meantime would, in addition to wasting the Court's time, frustrate the purposes behind § 1407 of consistent and efficient discovery management. Accordingly, Davol and Bard urge the Court to hold the pending motion in abeyance until a decision has been rendered by the JPML.[1]

## ARGUMENT

The impetus for this current motion to compel is the ongoing dispute between the parties as to the necessity for entry of a protective governing any document production in this matter. Plaintiffs' counsel has agreed to the *terms* of a protective order, should this Court or another court order one, but disputes that Bard and Davol are entitled to any order in the first place. No other plaintiffs' counsel in any Composix® Kugel® Patch case has taken this position, and most have agreed to terms of protective orders very similar to those that plaintiffs' counsel in this case has provisionally agreed to. This Court need not consider the merits of the parties' positions regarding the protective order, however, as plaintiffs' motion is premature.

a. **Entry of a Discovery Stay is Appropriate Here.**

The court should defer any decision on plaintiffs' motion to compel until a decision by the JPML as to whether an MDL will be formed. If it is, the matter would be taken up by the transferree court. If it is not, this Court could rule on the motion then. This would promote the underlying principles of § 1407 – conservation of judicial resources and prevention of conflicting pretrial rulings. *See Duke v. Rolls-Royce Corp.*, 2007 WL 674310, at *2 (W.D.N.C. Feb. 28, 2007) (staying discovery pending consolidation decision by JPML); *American Seafood, Inc. v. Magnolia Processing, Inc.*, 1992 WL 102762, at *2 (E.D. Pa. May 7, 1992) (same).

---

[1] Staying the discovery process would obviate the need for resolution of plaintiff's motion to compel as any documents referenced in defendants' initial disclosures that plaintiff would be entitled, which are none, need not be produced until the JPML renders its decision. Additionally, it would suspend defendants' obligations to respond to plaintiff's outstanding discovery requests.

2

While the decision to stay is within the sound discretion of the Court, the factors normally considered in making this decision weigh in favor of a stay. When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated. *See Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).

Plaintiffs' counsel in this case attended the JPML hearing on May 31 and instructed one of the lawyers who spoke on behalf of another plaintiff to convey to the Court his agreement that an MDL should be formed. If one is formed, as plaintiffs' counsel wishes, then discovery matters such as those presented here should be and must be presented to the transferee Court, and the current motion is a waste of time. If an MDL is not formed, the Court can then take up the propriety of a protective order and the proper scope thereof.

    b.    **The Motion To Compel Must Be Denied As Untimely Since No Documents Are Yet Due To Be Produced.**

Plaintiff seeks an order compelling the production of documents referenced in defendants' Rule 26(a)(1) disclosures. No such order may be issued, since Rule 26(a)(1) gives rise to no obligation to produce documents:

> "Subparagraph (B) is included as a substitute for the inquiries routinely made about the existence and location of documents and other tangible things in the possession, custody, or control of the disclosing party. Although, unlike subdivision (a)(3)(C), an itemized listing of each exhibit is not required, the disclosure should describe and categorize, to the extent identified during the initial investigation, the nature and location of potentially relevant documents and records, including computerized data and other electronically-recorded information, sufficiently to enable opposing parties (1) to make an informed decision concerning which documents might need to be examined, at least initially, and (2) to frame their document requests in a manner likely to avoid

3

> squabbles resulting from the wording of the requests. As with potential witnesses, the requirement for disclosure of documents applies to all potentially relevant items then known to the party, whether or not supportive of its contentions in the case.
>
> Unlike subparagraphs (C) and (D), *subparagraph (B) does not require production of any documents*. Of course, in cases involving few documents a disclosing party may prefer to provide copies of the documents rather than describe them, and the rule is written to afford this option to the disclosing party. *If, as will be more typical, only the description is provided, the other parties are expected to obtain the documents desired by proceeding under Rule 34 or through informal requests.* The disclosing party does not, by describing documents under subparagraph (B), waive its right to object to production on the basis of privilege or work product protection, or to assert that the documents are not sufficiently relevant to justify the burden or expense of production."

Rule 26 advisory committee's notes (emphasis supplied).

By its terms, Rule 37(a)(2)(A) can only compel production of documents that a party is actually required to produce. FRCP 37(a)(2)(A). Here, no such requirement exists, and the request for a protective order is untimely and must be denied.

## **CONCLUSION**

Bard and Davol ask this Court to deny plaintiff's motion to compel and to defer any ruling on the propriety and scope of a protective order until the pending consolidation motion is addressed by the JPML.

/s/ Kirby T. Griffis
Kirby T. Griffis, DC 453091
Dana Alan Gausepohl, DC 481170
Spriggs & Hollingsworth
1350 I Street, N.W., Ninth Floor
Washington, DC 20005
202-898-5800
202-682-1639 (fax)

Mark Crane
Segal McCambridge Singer & Mahoney LTD
One IBM Plaza
Suite 200
330 N Wabash Ave
Chicago, IL 60611
312-645-7800

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2007, a copy of the foregoing C.R. Bard, Inc.'s and Davol Inc.'s Opposition to Plaintiff's Motion to Compel was electronically filed with the Court. This document is available for viewing and downloading from the Court's ECF system. Service of same has been made upon the following in the manner listed below:

| | |
|---|---|
| Douglas Phebus, Esq. | Joseph W. Phebus, Esq. |
| Lawton & Cates | Phebus & Koester |
| 10 East Doty | 136 W Main St. |
| Madison, WI 53703 | Urbana, IL 61801 |
| 608-282-6200 | 217-337-1400 |
| | |
| *via electronic notice* | *via electronic notice* |

/s/ Kirby T. Griffis
Kirby T. Griffis

5