E-FILED
Tuesday, 26 June, 2007  12:28:12 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES OF AMERICA
## JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

CHAIRMAN:
Judge John G. Heyburn II
United States District Court
Western District of Kentucky

MEMBERS:
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

DIRECT REPLY TO:

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:        [202] 502-2888

http://www.jpml.uscourts.gov

June 22, 2007

David A. DiMarzio, Clerk
356 John O. Pastore Federal Building
Two Exchange Terrace
Providence, RI  02903

Re:  MDL-1842 -- In re Kugel Mesh Hernia Patch Products Liability Litigation

(See Attached Schedule A of Order)

RECEIVED

JUN 2 6 2007

U.S. CLERK'S OFFICE
URBANA, IL

Dear Mr. DiMarzio:

I am enclosing a certified copy and one additional copy of a transfer order filed today by the Panel in the above-captioned matter.  The order is directed to you for filing.

The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "...transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred."

A copy of Rule 1.6 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 428 (2001), which deals specifically with the transfer of files, is enclosed for your convenience. Also enclosed are a complete set of the Panel Rules and a copy of Chapter 7 of Volume 4 of the Clerks Manual, United States District Courts.

The Panel Clerk's Office maintains the only statistical accounting of multidistrict litigation traffic in the federal courts.  These statistics are used by the Administrative Office of the United States Courts and the Judicial Conference.  Therefore, your cooperation in keeping the Panel advised of the progress of this litigation would be appreciated.  We are particularly interested in receiving the docket numbers assigned to each transferred action by your court; the caption and docket numbers of all actions originally filed in your district; and copies of orders regarding appointment of liaison counsel, settlements, dismissals, state court remands,  and reassignments to other judges in your district.

- 2 -

Your attention is also directed to Panel Rule 7.6, regarding termination and remand of transferred actions.  Upon notification from your court of a finding by the transferee judge that Section 1407 remand of a transferred action is appropriate, this office will promptly file a conditional remand order.


For your information, I am enclosing a copy of the Panel Attorney Service List.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By Denise Morgan-Stone
Deputy Clerk

Enclosures

cc w/all enclosures (Chapter 7 of Volume 4 of the Clerks Manual, U.S. District Courts, Rule 1.6, R.P.J.P.M.L., transfer order, Panel Attorney Service List, and complete Panel Rules):

Chief Judge/Transferee Judge:          Judge Mary M. Lisi

cc w/order and Rule 1.6, R.P.J.P.M.L.:

Transferor Clerks:          (See Attached List of Clerks)

Transferor Judges:          (See Attached List of Judges)

JPML Form 33

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUN 22 2007

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1842*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR.,* KATHRYN H. VRATIL, DAVID R. HANSEN AND ANTHONY J. SCIRICA, JUDGES OF THE PANEL*

*TRANSFER ORDER*

This litigation currently consists of thirteen actions listed on the attached Schedule A, one each pending in the following districts: the Northern District of Alabama, the Eastern District of Arkansas, the Western District of Arkansas, the Eastern District of California, the Northern District of Florida, the Central District of Illinois, the Eastern District of Missouri, the District of New Jersey, the Eastern District of New York, the Southern District of New York, the Northern District of Ohio, the District of Rhode Island, and the Middle District of Tennessee. Now before the Panel are two motions, pursuant to 28 U.S.C. § 1407, that taken together seek centralization of all actions for coordinated or consolidated pretrial proceedings.[1] Plaintiffs in the Rhode Island action move for centralization in the District of Rhode Island – where defendant Davol, Inc. (Davol) is headquartered. Plaintiffs in the Alabama action seek centralization in the Northern District of Alabama. Common defendants in all actions, C.R. Bard,

---

[*] Judge Miller did not participate in the decision of this matter.

[1] An additional action – *Faye Gleber v. C.R. Bard, Inc., et al.*, E.D. Louisiana, C.A. No.2:06-5837 – was included on the initial Section 1407 motion. The schedule of actions was later amended to remove this action, which was clearly unrelated to this litigation. Accordingly, the question of inclusion of this action in MDL-1842 proceedings is moot.

The Panel also has been notified that eighteen potentially related actions have been filed, two actions each in the Middle District of North Carolina and the District of Rhode Island, and one action each in the Northern District of Alabama, the Southern District of California, the Northern District of Florida, the Western District of Kentucky, the Western District of Louisiana, the Eastern District of Missouri, the District of Nebraska, the District of Nevada, the Eastern District of New York, the Northern District of Ohio, the Middle District of Tennessee, the Eastern District of Texas, the Southern District of Texas, and the Western District of Texas. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

-2-

Inc. (Bard) and/or Davol, its wholly-owned subsidiary, oppose the Section 1407 motions, but alternatively suggest selection of either the Eastern District of Missouri or the Eastern District of Arkansas as transferee district, should the Panel decide to centralize the actions. Defendants in only the Western District of Arkansas action, Surgical Sense, Inc. (Surgical Sense) and WCO Medical Products Corp., also oppose the motion, as does plaintiff in the Middle District of Tennessee action. Plaintiffs in the Northern District of Florida action support centralization in the District of Rhode Island, and the Eastern District of Missouri plaintiff does not oppose centralization there. Plaintiffs in the potentially related Northern District of Florida action support centralization in the District of Rhode Island or the Northern District of Alabama in the alternative. Plaintiff in the Western District of Louisiana potential tag-along action supports centralization in either the District of Rhode Island or the Northern District of Alabama. Plaintiffs in the two Arkansas actions do not oppose centralization as to "spring failure" actions that are subject to a recall by defendants, but argue that different groups of actions should not be included in the Section 1407 proceedings; these plaintiffs would favor the Northern District of Alabama as the transferee district. Additionally, while the Central District of Illinois plaintiff does not oppose centralization of the actions for purposes of discovery from the defendants, he requests that his action remain in the transferor court solely for discovery from plaintiff. His transferee district choice is the Northern District of Alabama. Lastly, plaintiffs in the Eastern District of New York potential tag-along action favor their district as transferee forum or, alternatively, the District of Rhode Island.

On the basis of the papers filed and hearing session held, the Panel finds that all actions involve common questions of fact, and that centralization under Section 1407 in the District of Rhode Island will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. Each of the thirteen MDL-1842 actions involves allegations of defects in various models of hernia patches manufactured and sold by Bard, Davol or Surgical Sense. All actions can thus be expected to share factual questions concerning such matters as the design, manufacture, safety, testing, marketing and performance of these patches. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Defendants' arguments in opposition to Section 1407 centralization can be summarized as follows: common facts do not predominate among the actions, as the actions involve different models of hernia patches and allege various types of defects; the number of pending actions does not warrant centralization; alternatives to centralization are available; and the pending actions differ substantially in the causes of action pleaded, and thus the evidence required. Additionally, the parties to the Western District of Arkansas action argue that the hernia patch at issue in that action was manufactured and distributed by a different, unrelated company. Plaintiffs to the Arkansas actions argue that two types of actions should not be included in MDL-1842 proceedings: (1) those actions that do not allege that the recoil ring is defective; and (2) those actions that arise from a procedure, or the installation of a hernia patch, that may create a higher risk of infection in the patient.

We are not persuaded by these arguments. Transfer under Section 1407 does not require a complete identity or even a majority of common factual or legal issues as a prerequisite to transfer.

-3-

Transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: (1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and (2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties. The MDL-1842 transferee court can employ any number of pretrial techniques – such as establishing separate discovery and/or motion tracks – to efficiently manage this litigation. In any event, we leave the extent and manner of coordination or consolidation of these actions to the discretion of the transferee court. *In re Mutual Funds Investment Litigation*, 310 F.Supp.2d 1359 (J.P.M.L. 2004). It may be, on further refinement of the issues and close scrutiny by the transferee judge, that some claims or actions can be remanded to their transferor districts for trial in advance of the other actions in the transferee district. But we are unwilling, on the basis of the record before us, to make such a determination at this time. Should the transferee judge deem remand of any claims or actions appropriate, procedures are available whereby this may be accomplished with a minimum of delay. *See* Rule 7.6, R.P.J.P.M.L., 199 F.R.D. at 436-38. We are confident in the transferee judge's ability to streamline pretrial proceedings in all actions, while concomitantly directing the appropriate resolution of all claims.

Although any of the suggested districts would be an appropriate transferee forum for this litigation, we are persuaded that this litigation should be centralized in the District of Rhode Island. Davol's headquarters are located within this district and thus witnesses and relevant documents will likely be found there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the District of Rhode Island are transferred to the District of Rhode Island and, with the consent of that court, assigned to the Honorable Mary H. Lisi for coordinated or consolidated pretrial proceedings with the action pending there.

FOR THE PANEL:

Wm. Terrell Hodges
Chairman

# SCHEDULE A

<u>MDL-1842 -- In re Kugel Mesh Hernia Patch Products Liability Litigation</u>

<u>Northern District of Alabama</u>

*Lilyan Kathleen Hall, et al. v. Davol, Inc., et al.*, C.A. No. 3:07-480

<u>Eastern District of Arkansas</u>

*Carolene Jean Carter v. Davol, Inc., et al.*, C.A. No. 4:06-1012

<u>Western District of Arkansas</u>

*Mary Jane Campbell v. Davol, Inc., et al.*, C.A. No. 5:06-5154

<u>Eastern District of California</u>

*Daniel Poston, et al. v. Davol, Inc.*, C.A. No. 2:07-32

<u>Northern District of Florida</u>

*Jane R. Wilson v. Davol, Inc., et al.*, C.A. No. 3:06-541

<u>Central District of Illinois</u>

*James Daniel Mathien v. Davol, Inc., et al.*, C.A. No. 2:07-2031

<u>Eastern District of Missouri</u>

*Timothy J. Edgar v. Davol, Inc.*, C.A. No. 4:06-1471

<u>District of New Jersey</u>

*Jenine Von Essen v. C.R. Bard, Inc., et al.*, C.A. No. 2:06-4786

<u>Eastern District of New York</u>

*Thomas D. Hyland, et al. v. Davol, Inc., et al.*, C.A. No. 2:07-1054

<u>Southern District of New York</u>

*Sophia Katechis, et al. v. Davol, Inc., et al.*, C.A. No. 1:07-2098

- A2 -

**MDL-1842 Schedule A (Continued)**

Northern District of Ohio

*Richard H. Sayler, et al. v. Davol, Inc., et al.*, C.A. No. 1:07-765

District of Rhode Island

*Sonia Montiel, et al. v. Davol, Inc., et al.*, C.A. No. 1:07-64

Middle District of Tennessee

*George Andrew Luffman v. C.R. Bard, Inc., et al.*, C.A. No. 3:07-243

RULE 1.6:    TRANSFER OF FILES

      (a)    Upon receipt of a certified copy of a transfer order from the clerk of the transferee district court, the clerk of the transferor district court shall forward to the clerk of the transferee district court the complete original file and a certified copy of the docket sheet for each transferred action.

      (b)    If an appeal is pending, or a notice of appeal has been filed, or leave to appeal has been sought under 28 U.S.C. §1292(b) or a petition for an extraordinary writ is pending, in any action included in an order of transfer under 28 U.S.C. §1407, and the original file or parts thereof have been forwarded to the court of appeals, the clerk of the transferor district court shall notify the clerk of the court of appeals of the order of transfer and secure the original file long enough to prepare and transmit to the clerk of the transferee district court a certified copy of all papers contained in the original file and a certified copy of the docket sheet.

      (c)    If the transfer order provides for the separation and simultaneous remand of any claim, cross-claim, counterclaim, or third-party claim, the clerk of the transferor district court shall retain the original file and shall prepare and transmit to the clerk of the transferee district court a certified copy of the docket sheet and copies of all papers except those relating exclusively to separated and remanded claims.

      (d)    Upon receipt of an order to remand from the Clerk of the Panel, the transferee district court shall prepare and send to the clerk of the transferor district court the following:

           (i)    a certified copy of the individual docket sheet for each action being remanded;

           (ii)    a certified copy of the master docket sheet, if applicable;

           (iii)    the entire file for each action being remanded, as originally received from the transferor district court and augmented as set out in this rule;

           (iv)    a certified copy of the final pretrial order, if applicable; and

           (v)    a "record on remand" to be composed of those parts of the files and records produced during coordinated or consolidated pretrial proceedings which have been stipulated to or designated by counsel as being necessary for any or all proceedings to be conducted following remand. It shall be the responsibility of counsel originally preparing or filing any document to be included in the "record on remand" to furnish on request sufficient copies to the clerk of the transferee district court.

      (e)    The Clerk of the Panel shall be notified when any files have been transmitted pursuant to this Rule.

## INVOLVED JUDGES LIST
### DOCKET NO. 1842
### IN RE KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION

Hon. Frank C. Damrell, Jr.
U.S. District Judge
Robert T. Matsui U.S. Courthouse
15th Floor, 501 I Street
Sacramento, CA 95814-7300

Hon. William J. Haynes, Jr.
U.S. District Judge
A845 Estes Kefauver U.S. Courthouse Annex
110 Ninth Avenue South
Nashville, TN 37203

Hon. Jimm Larry Hendren
Chief Judge, U.S. District Court
559 John Paul Hammerschmidt Federal Building
35 East Mountain Street
Fayetteville, AR 72701

Hon. J. Leon Holmes
Chief Judge, U.S. District Court
Richard Sheppard Arnold U.S. Courthouse Suite 360
600 West Capitol Avenue
Little Rock, AR 72201

Hon. Barbara S. Jones
U.S. District Judge
620 Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1581

Hon. Stephen N. Limbaugh
Senior U.S. District Judge
3.125 Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street
St. Louis, MO 63102-1116

Hon. Michael P. McCuskey
Chief Judge, U.S. District Court
318 U.S. Courthouse
201 South Vine Street
Urbana, IL 61801

Hon. T. Michael Putnam
U.S. Magistrate Judge
275 Hugo L. Black U.S. Courthouse
1729 Fifth Avenue North
Birmingham, AL 35203

Hon. M. Casey Rodgers
U.S. District Judge
U.S. Courthouse, Suite 460
One North Palafox Street
Pensacola, FL 32501

Hon. Joanna Seybert
U.S. District Judge
U.S. District Court
P.O. Box 9014
Central Islip, NY 11722-9014

Hon. Lesley Brooks Wells
Senior U.S. District Judge
328 Howard M. Metzenbaum U.S. Courthouse
201 Superior Avenue
Cleveland, OH 44114

Hon. Susan D. Wigenton
U.S. District Judge
5027 Martin Luther King, Jr. Federal Building &
United States Courthouse
50 Walnut Street
Newark, NJ 07102

## INVOLVED CLERKS LIST
## DOCKET NO. 1842
## IN RE KUGEL MESH HERNIA PATCH PRODUCTS LIABILITY LITIGATION

Christopher R. Johnson, Clerk
523 John Paul Hammerschmidt Federal Building
35 East Mountain Street
Fayetteville, AR 72701-6420

Geri M. Smith, Clerk
United States District Court
2-161 Carl B. Stokes U.S. Courthouse
801 West Superior Avenue
Cleveland, OH 44113

J. Michael McMahon, Clerk
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

Jack L. Wagner, Clerk
4-200 U.S. Courthouse
501 I Street
Sacramento, CA 95814-2322

James G. Woodward, Clerk
3300 Thomas F. Eagleton U.S. Courthouse
111 South Tenth Street
St. Louis, MO 63102-1116

James W. McCormack, Clerk
402 U.S. Courthouse
600 West Capitol Avenue
Little Rock, AR 72201-3325

John M. Waters, Clerk
218 U.S. Courthouse
201 South Vine Street
Urbana, IL 61801

Keith Throckmorton, Clerk
800 U.S. Courthouse
801 Broadway
Nashville, TN 37203-3816

Perry D. Mathis, Clerk
140 Hugo L. Black U.S. Courthouse
1729 5th Avenue North
Birmingham, AL 35203

Robert C. Heinemann, Clerk
U.S. District Court
Long Island Federal Courthouse
100 Federal Plaza
Central Islip, NY 11722-4438

William M. McCool, Clerk
226 U.S. Courthouse
One North Palafax Street
Pensacola, FL 32501-5625

William T. Walsh, Clerk
Martin Luther King, Jr. Federal Building & U.S. Courthouse
50 Walnut Street, 4th Floor
Newark, NJ 07102